## FRANK H. JACOBSON v. STATE BANK OF COMMERCE AND OTHERS.[1]

February 18, 1927.

No. 25,849.

**Failure of plaintiff to sustain burden of proof as to part of fund claimed by him.**

Search of record discloses that plaintiff did not sustain burden of proof resting upon him to show that portion of fund in controversy was his. As to that portion, judgment accordingly directed for intervener.

Banks and Banking, 7 C. J. p. 651 n. 72 New; p. 668 n. 21.

Intervener Hoidale appealed from an order of the district court for Hennepin county, Nye, J., denying his alternative motion for judgment or a new trial. Reversed with instructions.

*Edward Nelson* and *Einar Hoidale*, for appellant.

*H. E. Fryberger* and *Elof J. Carlson*, for respondent.

STONE, J.

Replevin for a specific fund admittedly in possession of defendant Metropolitan National Bank as successor of defendant State Bank of Commerce. The former only is now interested and will be referred to as the bank. The action has developed into a contest between plaintiff and intervener over only $184.91. The bank is a mere stakeholder. After a verdict for plaintiff for a sum which included the $184.91, intervener appeals from an order denying his motion for judgment or a new trial.

The fund is the residue of a larger one which, while in the bank's possession, had been subjected to garnishment in another action wherein one Barnes was defendant. It was the proceeds of a note to Barnes. Plaintiff had an interest therein and on February 21, 1924, he and Barnes settled their respective shares by a written

[1]Reported in 212 N. W. 416.

agreement. Thereby it was stipulated that plaintiff's share was $2,684.39 and that he would be entitled to interest thereon "as allowed" by the bank, or, to quote the repetition of that idea found in the instrument, "the said F. H. Jacobson is entitled to interest actually allowed" by the bank "to the time that the money is legally released from garnishment."

By April 27, 1925, the action in which the garnishment issued had been determined. To dispose of and disburse the fund so far as then possible, a stipulation was entered into. It was entitled in the main action against Barnes and he, plaintiff and the bank as garnishee, were parties thereto. The intervener is bound thereby because his claim rests on a subsequent assignment from Barnes.

That stipulation, so far as we are concerned with it, recited the claim of Jacobson and that he had commenced this action against the bank and Barnes to recover $2,684.39 with interest at 6 per cent per annum from January 31, 1923, and interest at 4 per cent since September 1, 1923, amounting in all to the sum of $2,982.34. Barnes did not admit the validity of that claim either as to principal or interest. The stipulation continued the bank as the stakeholder pending the final outcome of the litigation. It did not bind the bank to pay interest to plaintiff or anyone else. It recited that the bank did not claim the fund and obligated it only to pay it over to whomsoever finally established title thereto by judgment.

As between plaintiff on the one hand and Barnes and intervener on the other, the stipulation made no change in their rights as fixed by the agreement of February 21, 1924. Under that, plaintiff had no right to interest except as actually "allowed" by the bank. If that does not mean only interest actually paid or credited it cannot go further than to include as well interest which the bank was legally obligated to pay. The burden is on plaintiff and there is no evidence that defendant ever "actually" paid or credited, or that it has in any way become obligated to pay, any interest on the fund. Intervener's motion for a directed verdict should have been granted. We have searched the record in vain for evidence of an undertaking by defendant to pay interest. There is evidence that its cashier

"figured" plaintiff's claim for and with him at one time. Probably he "figured" interest. But that is so far from an allowance, credit, payment or agreement to pay interest that to comment on the claim would be to dignify it beyond its merits. Moreover the whole testimony for plaintiff shows not only that the interest was not paid or agreed to be paid but that defendant never pays interest on funds subject to garnishment or court order when there is such hazard of incidental expense and bother as there was in this case.

The whole fund is $2,982.34. The amount to which intervener is entitled is $181.91. The order appealed from is reversed and the case remanded with directions to enter judgment against defendant in favor of plaintiff for $2,797.43 and in favor of intervener for $184.91, costs and disbursements to go against plaintiff. The bank of course will be credited by the payments, if any, which it has made in the meantime.

So ordered.